NOT DESIGNATED FOR PUBLICATION

No. 116,409

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TROY W. WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed December 1, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Defendant Troy Walker appeals the Sedgwick County District Court's decision to revoke his probation and incarcerate him for failing to register as a drug offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. He contends applying KORA to him amounts to impermissible punishment in violation of the Ex Post Facto Clause of the United States Constitution because when he was convicted of the drug felony in 2005 he was not required to register. The Kansas Legislature extended KORA to convicted drug offenders in 2007 and has since enhanced

1

the registration obligations and the penalties for failing to comply. The Kansas Supreme Court has foreclosed Walker's argument, given the record on appeal. *State v. Meredith*, 306 Kan. 906, 399 P.3d 859, 862 (2017). We, therefore, affirm.

We do not burden this opinion with an extended discussion of Walker's criminal history or how he found himself in his current predicament. Walker was convicted of the drug crime in 2005 and was required to register under KORA two years later. He failed to comply with the KORA requirements in 2011—noncompliance amounts to a felony. Walker pleaded guilty to two counts of failing to register and was placed on probation with a controlling 46-month prison sentence. Walker had various problems on probation the details of which aren't material here. The district court eventually revoked Walker's probation and ordered him to prison. Walker's lawyer mentioned a possible Ex Post Facto violation in passing but presented neither evidence nor extended argument on the point.

Walker has appealed the probation revocation and for his sole issue contends the application of KORA to him amounts to punishment violating the Ex Post Facto Clause. After the parties fully briefed this case, the Kansas Supreme Court issued *Meredith*, rejecting a drug offender's ex post facto challenge to KORA registration because he failed to compile a factual record in the district court showing the Legislature's public safety concerns about recidivism among sex offenders, which animated passage of the original version of KORA, were inapplicable to drug offenders as a class. 306 Kan. at 909-10. Three justices dissented in *Meredith* and would have found KORA registration to be punitive regardless of legislative intent and, thus, violative of ex post facto protections if applied retroactively. 306 Kan. at 914-15.

We invited the parties to provide supplemental briefing on the effect of *Meredith* on this appeal. They have done so. In the meantime, the Kansas Supreme Court has repeatedly applied the rule in *Meredith* in other cases. See, e.g., *State v. Richardson*, 306 Kan. ___, 404 P.3d 671, 2017 WL 5180852, at *4 (2017).

Walker's case is factually and legally indistinguishable from *Meredith*. Walker asserts the same Ex Post Facto Clause challenge and has failed to present a record that even attempts to show that drug offenders can or should be treated differently from sex offenders under KORA. We are obligated to apply *Meredith* as controlling authority. Walker's ex post facto claim, therefore, fails.

Affirmed.